**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BERNARD V. IDLISAN,**

                             **Plaintiff,**

   vs.                                                     **1:12-cv-1787**
                                                                **(MAD/CFH)**

**NYS DEPARTMENT OF TAXATION AND**
**FINANCE, OHRM PERSONNEL UNIT**
**RECRUITER,**

                             **Defendants.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**BERNARD B. IDLISAN**
1402 Jefferson Avenue
1st Floor
Brooklyn, NY 11237
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **ADELE TAYLOR SCOTT, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants


**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff commenced this action on December 5, 2012, alleging employment

discrimination through which Defendant[1] allegedly intentionally inflicted emotional distress upon

---

[1] Any time the Court references Defendant, it is referring to New York State Department of Taxation and Finance ("Taxation and Finance"), not the unnamed "recruiter from the OHRM Personnel Unit." *See* Dkt. No. 24-1 at 8. The Court will differentiate between Taxation and Finance and the recruiter when the claims against them so require.

Plaintiff.  *See* Dkt. No. 1 at 3-4.

Currently before the Court is Defendant's motion for judgment on the pleadings.  *See* Dkt. No. 19-1 at 1.  Defendant asserts that (1) Plaintiff's claim under Title I of the Americans with Disabilities Act of 1990 ("ADA") is barred by the Eleventh Amendment; (2) Plaintiff's claim of discrimination based on his past criminal convictions is not actionable in federal court; (3) Plaintiff's claim for damages for emotional distress should be dismissed because Plaintiff does not allege any specific actions that would qualify as extreme and outrageous conduct; (4) Plaintiff has failed to state a plausible Title VII claim; and (5) the Court should decline to exercise pendent jurisdiction over Plaintiff's state law claims.  *See id.* at 7-15.

## II. BACKGROUND

On May 9, 2011, Plaintiff applied to work in Taxation and Finance.  *See* Dkt. No. 1 at 5. Plaintiff's nation of origin is the Philippines and he lists his race as Asian.  *See id.* at 3-4. Plaintiff has prior criminal convictions of grand larceny and bail jumping.  *See* Dkt. No. 1-1 at 4. In addition, Plaintiff suffers from severe triple vessel heart disease.  *See id.* at 3.  This disability qualifies Plaintiff for employment consideration under Sections 55-a and 55-b of the New York State Civil Service Law.  A physician has certified that Plaintiff was job ready and likely to succeed in performing clerical duties.  *See id.* at 34-35.  Plaintiff has experience doing clerical work, and received scores of ninety and eighty on his civil service exams.  *See id.* at 14.

After applying to work in Defendant's department and receiving no response, Plaintiff sent a follow-up letter on August 1, 2011.  *See* Dkt. No. 1 at 7.  On March 5, 2012, after Plaintiff still did not receive a response, he filed a formal discrimination complaint with the New York State Division of Human Rights ("Human Rights").  *See id.*  Plaintiff then received a letter from

Defendant on April 9, 2012, acknowledging that Defendant received Plaintiff's application and that he meets the qualifications for various clerical positions. *See id.* at 5. Defendant explained that clerical positions were not in high demand and that most of the available positions were in Albany, New York, while Plaintiff's address was in Brooklyn, New York. *See id.* Plaintiff sent a rebuttal, and then received a determination and order after investigation from Human Rights. *See* Dkt. No. 1-1 at 28. The investigation found that Defendant did not hire any entry level clerks in 2011, and hired five clerks in Albany, New York in 2012. *See id.* at 28-29. The investigation also found that Defendant did not consider Plaintiff for a position in Albany because he resides in Brooklyn and never indicated a desire to move to Albany. *See id.* Human Rights made a final determination that there was no probable cause to believe that Defendant had engaged in unlawful discrimination. *See id.* at 28. Plaintiff sent the Equal Employment Opportunity Commission ("EEOC") a request for a review of Human Rights' final determination on August 29, 2012. *See id.* at 30. On October 23, 2012, EEOC informed Plaintiff that it adopted Human Rights' findings and was closing its file on Plaintiff's claim; EEOC also informed Plaintiff that he may file a lawsuit. *See id.* at 33.

     Plaintiff claims that he should have been hired for a clerical position in Albany regardless of his address, since he applied for positions in Albany. *See* Dkt. No. 1 at 7. Plaintiff alleges that Taxation and Finance, as well as an unnamed recruiter, did not consider him for employment because of his national origin, race, conviction record, and his disability. *See* Dkt. No. 1-1 at 17. Plaintiff requests a job from Defendant, or in the alternative, $50,000.00. *See* Dkt. No. 1 at 4. Plaintiff claims that Defendant intentionally inflicted emotional distress upon him, which aggravated his medical condition. *See id.*

### III. DISCUSSION

**A.     Standard of Review**

A judgment on the pleadings "is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Carter v. City of Syracuse Sch. Dist.*, No. 5:10-CV-690, 2012 WL 930798, *5 (N.D.N.Y. Mar. 19, 2012) (citation omitted).  The same standard that is used in evaluating a motion to dismiss for failure to state a claim is applied when evaluating a motion for a judgment on the pleadings. *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).  A motion to dismiss tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted).  In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ASTI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level." *Id.* at 555 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims

across the line from conceivable to plausible, the [ ] complaint must be dismissed[,]" *id.* at 570.

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "'construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ.*, 287 F.3d, 138, 146 (2d Cir. 2002) (quotation omitted).

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted).

**B.   ADA Claim**

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112 (2009). States and their agencies, however, are immune against these claims. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Gorton v. Gettel*, 554 F.3d 60, 62 (2d Cir. 2009) ("As a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment Immunity.") (citation omitted). The Eleventh Amendment ensures that "nonconsenting States may not be sued by private individuals in federal court." *Kimel v. Florida*

*Bd. of Regents*, 528 U.S. 62, 73 (2000).

A state's immunity may be abrogated, however, when Congress "both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (quotation omitted). It is well established that "the Eleventh Amendment bars private suits seeking money damages for state violations of Title I of the ADA." *Tennessee v. Lane*, 541 U.S. 509, 514 (2004) (citation omitted). In addition, employees cannot be sued under the ADA. *See Perciballi v. New York*, No. 09 Civ. 6933, 2010 WL 3958731, *4 (S.D.N.Y. Sept. 28, 2010). Employees cannot be sued in their individual capacities because "there is no individual liability under Title I . . . of the ADA." *Id.* (citation omitted). Further, suits against individuals in their official capacities are "deemed to be [ ] suit[s] against the state, and the official[s] [are] entitled to invoke the Eleventh Amendment belonging to the state." *Id.* (citing *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 529 (2d Cir. 1993)).

Plaintiff claims that Defendant failed to hire him, in violation of the ADA, because Defendant "was simply scared to hire [him] on the basis of [his] disability." *See* Dkt. No. 1 at 3. Taxation and Finance is a New York State agency and therefore is immune from Plaintiff's ADA claim. The unnamed recruiter is also immune, as he or she cannot be liable in either an individual capacity or an official capacity under the ADA.

Based on the foregoing, the Court grants Defendant's motion for judgment on the pleadings in regard to Plaintiff's ADA claim.

**C.     Title VII Claim**

Under Title VII, it is "an unlawful employment practice for an employer to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national

origin." 42 U.S.C. § 2000e. In order to succeed on a Title VII employment discrimination claim, a plaintiff typically must demonstrate "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). This showing is not required for a claim to survive at the pleading stage. *See id.* at 511. In fact, a Title VII claim simply requires the "ordinary rules for assessing the sufficiency of a complaint." *Id.*

In considering immunity, "[i]ndividuals are not subject to liability under Title VII." *Idlisan v. SUNY Upstate Med. Univ.*, No. 5:12-CV-01790, 2013 WL 495409, \*5 (N.D.N.Y. Jan. 16, 2013) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314-15 (2d Cir. 1995)). States, however, can be held liable in private Title VII suits because Congress has "waived the government's sovereign immunity for suits alleging discrimination in a government workplace on the basis of race, sex, color, religion or national origin." *Id.* (citing *Dillard v. Runyon*, 928 F. Supp. 1316, 1322 (S.D.N.Y. 1996)).

Plaintiff alleges that Defendant did not hire him, even though he met the qualifications for various clerical positions, because his nation of origin is the Philippines and his race is Asian. *See* Dkt. No. 1-1 at 3. Plaintiff states that his race and national origin were made known to Defendant because they were listed on his resume and applicant history. *See id.* at 3-4. Plaintiff alleges that "there is a misconception that Asians are not properly educated and don't speak good English as well. This perception . . . was used by Defendant to deny me employment." *Id.* at 3. Plaintiff alleges that "[a] recruiter from the OHRM Personnel Unit was involved with the allegations . . . whose conduct was not in accordance with clearly established law." *See* Dkt. No. 24-1 at 8. Plaintiff has stated enough detail in his claim to survive a motion for judgment on the

pleadings. Although as an individual the unnamed recruiter cannot be held liable under Title VII for employment discrimination, Plaintiff has made out a sufficient claim against Taxation and Finance.

Based on the foregoing, the Court grants Defendant's motion for judgment on the pleadings and dismisses Plaintiff's Title VII claim relating to the individual recruiter. The Court denies Defendant's motion for judgment on the pleadings regarding Plaintiff's Title VII claim as it pertains to Taxation and Finance.

**D.     Prior Conviction Claim**

Discrimination based on a prior conviction is not a Title VII claim; it is a claim under New York State Human Rights Law ("NYSHRL"), Executive Law § 296(15). *Idlisan*, 2013 WL 495409, at *5. Section 296(15) states that "[i]t shall be an unlawful discriminatory practice for any person, agency . . . including the state . . . to deny any license or employment to any individual by reason of his or her having been convicted of one or more criminal offenses." N.Y. Exec. Law § 296(15) (McKinney 2000). "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst*, 465 U.S. at 100. The courts in the Second Circuit have repeatedly held that "New York has not . . . waived its Eleventh Amendment immunity for discrimination claims brought under the NYSHRL." *Idlisan*, 2013 WL 495409, at *6 (citation omitted).

In contrast to state liability, "[u]nder the HRL . . . liability for employment discrimination may be imposed on individuals." *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) (citation omitted). An individual may not be held liable "if he is not shown to have any ownership interest or any power to do more than carry out personnel decisions made by others."

*Tomka*, 66 F.3d at 1314-15 (citation omitted). Conversely, individuals may be held liable if they "actually participate[ ] in the conduct giving rise to a discrimination claim." *Id.* (citations omitted). It is also "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the acts forbidden . . . or to attempt to do so." N.Y. Exec. Law § 296(6) (McKinney 2000). This, again, requires that "the defendant *actually participated* in the conduct giving rise to the claim of discrimination", and that the "aider and abetter 'share the intent or purpose of the principal actor.'" *Robles v. Goddard Riverside Comty. Ctr.*, No. 08 Civ. 4856, 2009 WL 1704627, *3 (S.D.N.Y. June 17, 2009) (citations omitted).

In the present case, Plaintiff claims that Defendant failed to hire him because of his past criminal convictions. *See* Dkt. No. 1-1 at 4. Taxation and Finance cannot be held liable under the NYSHRL because it is a state agency and New York has not waived its Eleventh Amendment immunity as it applies to NYSHRL claims. Although the unnamed recruiter is not immune to this suit, Plaintiff has failed to state a plausible claim against the individual recruiter. According to the complaint, the recruiters "review the applications [they] have on file to determine if any 55b/c candidates can be considered for current entry level vacancies. If so, [they] forward the applicant's application to the Administration section for consideration with other qualified applicants." *See* Dkt. No. 1-1 at 21.

Since Plaintiff has not alleged facts suggesting that the unnamed recruiter had the power to do anything beyond referring Plaintiff's application "to the Administration section for consideration," he has failed to make a facially plausible showing. *See Idlisan*, 2013 WL 495409, at *6. Moreover, Plaintiff has not alleged that this unnamed recruiter aided or abetted in, or coerced the decision not to hire Plaintiff for any of the jobs for which he applied. *See id.* Since this failure is not jurisdictional in nature and it is not clear at this point whether amendment would

be futile, the Court dismisses Plaintiff's NYSHRL claim against the "OHRM Personnel Unit Recruiter" without prejudice.

Based on the foregoing, the Court grants Defendant's motion for judgment on the pleadings and dismisses Plaintiff's NYSHRL claim against Taxation and Finance with prejudice, and dismisses Plaintiff's NYSHRL claim against the individual recruiter without prejudice.

**E.     Leave to amend**

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted).  Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted).

Although a court should generally grant a plaintiff proceeding *pro se* at least one opportunity to amend when dismissing a complaint, no such opportunity is required when it is clear that such an amendment would be futile, as is the case with several dismissed portions of the present matter.

The Court finds that Plaintiff's ADA claim, Plaintiff's Title VII claim against the unnamed recruiter, and Plaintiff's NYSHRL claim against Taxation and Finance are dismissed with prejudice because any amendment to the complaint as to these claims would be futile.  Plaintiff's NYSHRL claim against the unnamed recruiter, however, is dismissed without prejudice.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED** in part and **DENIED** in part; and the Court further

**ORDERS** that Plaintiff's ADA claim is **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's Title VII claim pertaining to the recruiter is **DISMISSED with prejudice**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings regarding Plaintiff's Title VII claim against Defendant Taxation and Finance is **DENIED**; and the Court further

**ORDERS** that Plaintiff's NYSHRL claim is **DISMISSED with prejudice** as to Defendant Taxation and Finance and **DISMISSED without prejudice** as to "OHRM Personnel Unit Recruiter;" and the Court further

**ORDERS** that, if Plaintiff wishes to amend his complaint regarding the claim that was dismissed without prejudice, the amended complaint must be filed within **THIRTY (30) DAYS** of the filing date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the local rules.

**IT IS SO ORDERED.**

Dated: June 13, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge